CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
NOV 16 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| GLORIA J. GOFF, | ) | CASE NO. 4:09CV00001 |
| | ) | |
| Plaintiff, | ) | REPORT AND RECOMMENDATION |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | By: B. Waugh Crigler |
| | ) | U. S. Magistrate Judge |
| Defendant. | ) | |

This challenge to a final decision of the Commissioner which denied plaintiff's August 14, 2006 claim for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

In a decision issued on May 30, 2008, an Administrative Law Judge ("Law Judge") found that plaintiff was alleging a disability onset date of February 1, 2006, and that she met the insured requirements under the Act. (R. 17, 20.) At step one, the Law Judge determined that plaintiff was engaged in substantial gainful activity as the owner operator of a trailer park. (R. 20.) The Law Judge further determined that there had been no continuous period twelve-month period during

which she was not engaged in substantial gainful activity. (R. 22.) Thus, the Law Judge ultimately found that plaintiff was not disabled under the Act.

Plaintiff appealed the Law Judge's May 30, 2008 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Colubris*, 368 F.2d 640 (4th Cir. 1966).

In a *pro se* brief filed by plaintiff, she argues that she is not engaging in substantial gainful activity. (Pl's Brief, p. 1.) Plaintiff concedes that she has rental properties that she manages, but, in her own words, she asserts that this does not constitute a "business". (*Id.*)

Substantial gainful activity is defined as "work activity that is both substantial and gainful." 20 C.F.R. § 404.1572. Work activity is substantial if it involves performing significant physical or mental activities whether or not part time, and irrespective of whether the claimant does less, or is paid less, or has fewer responsibilities than before. 20 C.F.R. § 404.1572(a). Gainful work activity is the type of work usually performed for pay or profit, regardless of whether a profit is realized. 20

C.F.R. § 404.1572(b). Substantial gainful activity does not include activities such as household tasks, taking care of oneself, social programs, or therapy. 20 C.F.R. § 404.1572(c).

There are three tests employed to determine whether a self-employed claimant has or is engaged in substantial gainful activity:

(1) Test One: You have engaged in substantial gainful activity if you render services that are significant to the operation of the business and receive a substantial income from the business.

(2) Test Two: You have engaged in substantial gainful activity if your activity, in terms of factors such as hours, skills, energy output, efficiency, duties, and responsibilities, is comparable to that of unimpaired individuals in your community who are in the same or similar businesses as their means of livelihood.

(3) Test Three: You have engaged in substantial gainful activity if your work activity, although not comparable to that of unimpaired individuals, is clearly worth the amount shown in § 404.1574(b)(2) when considered in terms of its value to the business, or when compared to the salary that an owner would pay to an employee to do the work you are doing.

20 C.F.R. § 404.1575(a)(2).

The record reveals the following: Plaintiff has owned a mobile home park in Patrick Springs, Virginia since 2005. The trailer park is comprised of 13.5 acres with about 20 trailers on it. Plaintiff owns ten trailers, and she owns the lots on which the other trailers are situated. Plaintiff collects the rent for the trailers and lots at the trailer park, and she maintains the books. Her gross income in 2007 was $34,000, an average of $2,833 per month.[1]

---

[1] This is above the amount stated in the regulations which presumptively indicates substantial gainful activity. *See* 20 C.F.R. § 404.1574(b)(2).

On this record, it is clear that plaintiff renders services that are significant to the operation of the trailer park. She operates the business by herself. *See* 20 C.F.R. § 404.1575(b)(1) (if you are not a farm landlord and you operate a business entirely by yourself, any services you perform are significant to the business.) Her duties include collecting rent for the trailers and lots which she owns, maintaining the books and generally managing the business. Substantial evidence supports the Commissioner's determination that plaintiff is engaged in substantial gainful activity and is therefore not disabled.

Thus, it is RECOMMENDED that an Order enter AFFIRMING the Commissioner's final decision, GRANTING the Commissioner's motion for summary judgment and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to send a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

11/16/00
Date